Case 12-37961   Filed 10/09/12   Doc 23

DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: FWP-6<br><br>Date: October 11, 2012<br>Time: 1:30 p.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-titled bankruptcy case ("Zacky Farms" or the "Debtor"), hereby files this Emergency Motion for Authority to Maintain and Administer Customer Programs and Honor Certain Prepetition Obligations Related Thereto (the "Motion"), and respectfully represents:

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 9014-1(f)(4). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are 11 U.S.C. §§ 363(b) and 105(a).

**REQUEST FOR RELIEF**

2. By this Motion, the Debtor requests entry of an order that authorizes but does not direct the Debtor, in its business judgment and sole discretion, to (a) to perform and honor its prepetition obligations related to the Customer Programs (as defined below) in the ordinary course of business, and (b) to continue, renew, replace, implement new, and/or terminate such of the Customer Programs in the ordinary course of business, in each case without further application to the Court.

3. In support of this Motion, the Debtor relies upon the Declaration of Keith F. Cooper filed on October 9, 2012 (Dkt. No. 5) ("Cooper Decl."), along with all exhibits filed in support of that Declaration. In further support of this Motion, the Debtor relies upon the following points and authorities:

**FACTUAL BACKGROUND**

4. On October 8, 2012 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California. The Debtor remains as debtor in possession pursuant to 11 U.S.C. §§1107 and 1108. Cooper Decl. ¶ 8.

5. The Debtor is currently engaged in the production, marketing, and distribution of a variety of fresh and frozen poultry products. The Debtor's operations include the breeding, hatching, and growing of turkeys and chickens as well as processing and marketing of poultry products. *Id.* ¶ 9.

6. The Debtor has a corporate gift certificate program and a practice of permitting customers to return purchased product for credit subject to Zacky Farms approval (collectively, the "Customer Programs") that generally cost little if anything to the Debtor out-of-pocket, but generate significant benefits by rewarding customer loyalty and otherwise promoting sales. Through the corporate gift certificate service, the Debtor's customers can purchase gift certificates for distribution. The certificates are issued for a stated amount and the customer is billed for the total dollar amount of the certificates purchased. Certificate values range from $10 to $35 in $5 increments. When the holder(s) of the certificate(s) subsequently redeems the

certificate at the store, the store sends Zacky Farms an invoice for the retail value of the product provided. Certificate holders may choose to purchase a turkey in excess of the gift card value. In that case, the certificate holder pays for the difference between the purchase amount and the certificate value, and Zacky Farms is charged by the store for the full value of the certificate. Under California law, gift certificates are prohibited from having expiration dates. *Id.* ¶ 157.

7. The Debtor believes that its outstanding gift certificate obligations as of the Petition Date total approximately $20,000. The annual redemption of gift certificates for 2012 is expected to total approximately $10,000. Because gift certificates are paid for by customers in advance of redemption, these programs involve little or no actual cost to the Debtor. This, plus the substantial benefit conferred on the Debtor by such programs, justifies the granting of the relief requested in the Motion. *Id.* ¶ 158.

8. Honoring these Customer Programs is important to the Debtor's operations and to the decades of customer trust it has worked hard to obtain. The Debtor's business operations and the success of its goals of maximizing value by selling the business as a going concern in chapter 11 depend on the maintenance of customer loyalty. In the ordinary course of its business, the Debtor engages in certain practices designed to develop and sustain a positive reputation in the marketplace for its goods and services. The continuation of the Customer Programs is essential to the Debtor's ability to maintain the loyalty of its customer base and to attract new customers. The Debtor believes that the bankruptcy filing itself could negatively influence customer attitudes and behavior toward its goods and services unless the Customer Programs are honored. In particular, the Debtor's goodwill and ongoing business relationships may erode if its customers perceive that the Debtor is unable or unwilling to fulfill the prepetition promises it has made through the Customer Programs. The same is true if customers were to perceive that the Debtor will no longer be offering the full package of services or quality of services expected by its customers during the sale process. Maintaining these benefits throughout the chapter 11 case is essential to the vitality of the Debtor's business and ultimately to the maximization of the value of the estate for stakeholders. *Id.* ¶ 159.

///

9.   The Debtor desires to continue during the postpetition period those Customer Programs that were beneficial to its business and cost-effective during the prepetition period. Such relief is necessary during the postpetition period to preserve the Debtor's critical business relationships and good will for the benefit of the estate. For these reasons, it is in the best interests of the Debtor, its estate and its creditors to honor prepetition obligations of the Customer Programs and to continue the Customer Programs in its discretion in the ordinary course of business. *Id*. ¶ 160.

## LEGAL ANALYSIS

10.   The Debtor seeks authorization pursuant to sections 363(b) and (c) as well as 105(a) of the Bankruptcy Code to continue the Customer Programs and honor related prepetition obligations to its customers, and to honor certain prepetition obligations to others necessary to maintain the existence of the Customer Programs. Such relief is necessary during the postpetition period to preserve the Debtor's critical business relationships and goodwill for the benefit of the estate.

**A.   Immediate Authorization to Honor and Continue Customer Programs is Necessary and is Authorized by 11 U.S.C. §§ 363(b) and (c) and 105(a)**

11.   Courts routinely recognize the justifications set forth above for allowing a debtor to honor its customer programs. The Debtor may use property of the estate to continue its operations under sections 363(b) and (c). Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…" Section 363(c)(1) allows the Debtor to use property of the estate in the ordinary course of business without court approval. Furthermore, courts recognize that debtors-in-possession have a fiduciary duty to, among other things, protect and preserve the bankruptcy estate, including preserving an operating business' going concern value. *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

12.   Furthermore, section 105(a) of the Bankruptcy Code grants courts broad authority to carry out and enforce the provisions of Title 11 using equitable doctrines:

///

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

13. The success and viability of the Debtor's business and the Debtor's relationship with its customers are wholly dependent upon the development and maintenance of customer loyalty. The continuation of the Customer Programs is essential to the Debtor's ability to maintain the loyalty of its existing customer base and to attract new customers.

14. The Debtor's customers are the essence of its business. In order to serve the rehabilitative purposes of chapter 11 and the reorganization of the Debtor's business, any risks of adversely affecting the Debtor's customers through the filing of this chapter 11 case must be minimized. Curtailment of the Debtor's ability to continue to provide customer services and programs could result in negative public perception that could harm the Debtor's business and its relationship with its customers.

15. Maintaining and honoring the Customer Programs postpetition will have no detrimental impact on the Debtors' business. To the contrary, it can only benefit the Debtor and its reorganization efforts. These programs offer return credit and other incentives towards the purchase of additional sales from the Debtor. Moreover, California statutes require that gift certificates, such as those issued by the Debtor, be honored by the issuer even if the issuer is in bankruptcy.[1] *See, e.g.*, Cal. Civ. Code §1749.6.[2] The basis for this statutory requirement is that the value of a gift certificate constitutes trust property of the beneficiary; essentially, that value belongs to the beneficiary, and not to the issuer. Cal. Civ. Code §1749.6(a).

---

[1] The Debtor believes that its outstanding obligation for gift certificates is approximately $20,000. The Debtor expects that $10,000 of the gift certificates will be redeemed in 2012. The expected redemption of gift certificates may be higher around Thanksgiving. Because the gift certificates are paid for by customers in advance of redemption, these programs involve little or no actual cost to the Debtor.

[2] The Debtor reserves its right to challenge the validity of this statute. As set forth herein, the Debtor believes that there are compelling business reasons to honor its gift certificates regardless of the state statute. Avoiding litigation with the State of California over the enforceability of this statute provides an additional justification for granting the Motion.

16. Authorizing the Debtor to honor its Customer Programs is an appropriate exercise of the Court's discretion under sections 363(b) and 105(a). The Debtor believes that the requested relief is necessary to continue in the ordinary course of business and to facilitate rehabilitation. Pursuant to section 105(a), courts have invoked the "necessity of payment" doctrine[3] to authorize the immediate payment of a debtor's prepetition obligations to unsecured creditors before plan confirmation when such payment is essential to the continued operation of the debtor in a chapter 11 reorganization. See *In re Columbia Gas Systems, Inc.*, 171 B.R. 189, 192 (Bankr. D. Del. 1994) (to justify payment of one class of prepetition creditors in advance of a confirmed plan, the debtor must show that payment is essential to the continued operation of the business); *In re Penn Central Transp. Co.*, 467 F.2d 100, 102 and n.1 (3d Cir. 1972) (pre-Code case recognizing "necessity of payment" cases permitting immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid).

17. Bankruptcy courts have recognized that unless certain prepetition customer obligations are satisfied, a debtor's goodwill, and therefore its going concern value, could be destroyed. *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("Another category of prepetition claims which must be dealt with is the prepetition warranty or refund claims of consumer customers which, if not honored, could so harm the Debtors' good will as to destroy its going concern value…"). The *CoServ* court also stated that a debtor in possession has a fiduciary duty to protect and preserve the estate, including preserving an operating business' going concern value. *Id.* The Debtor believes that if it is unable to honor its Customer Programs, its goodwill and going concern value could be jeopardized.

18. The Ninth Circuit has recognized the "necessity of payment" doctrine. In *Burchinol v. Central Washington Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir, 1987), the Ninth Circuit discussed the existence of two competing "fundamental tenets" of bankruptcy: (1) equality in the treatment of all creditors; and (2) the rehabilitation of debtors.

---

[3] Alternatively called the "necessity of payment" rule.

The court stated that the rehabilitation of a debtor "may supersede the policy of equal treatment" of creditors, and went on to describe such situations wherein prepetition creditors have been paid. *Id.* ("Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts.").[4]  Furthermore, the court went on to state that section 364(d), for example, "illustrates a Congressional willingness to subordinate the interests of pre-petition creditors to the goal of rehabilitation." *Id.*

19.     Relief similar to that requested here has been granted in other chapter 11 cases in other jurisdictions. *See*, *e.g.*, *In re Gottschalks Inc.*, 09-10157 (Bankr. D. Del. Jan. 15, 2009); *In re Special Devises, Incorporated*, Case No. 08-13312 (MFW) (Bankr. D. Del. Jan. 6, 2009); *In re NWL Holdings, Inc.*, Case No. 08-12847 (MFW) (Bankr. D. Del. Nov. 13, 2008); *In re Linens Holding Co.*, Case No. 08-10832 (CSS) (Bankr. D. Del. May 2, 2008); *In re Meridian Auto. Sys. – Composites Operations, Inc.*, Case No. 05-11168 (MFW) (Bankr. D. Del. Apr. 27, 2005); *In re Tower Auto., Inc.*, Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. Feb. 3, 2005); *see also In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005); *In re Nw. Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 15, 2005).

**B.     Honoring Customer Programs is Necessary Under Federal Rule of Bankruptcy Procedure 6003**

20.     Pursuant to the recently revised Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.  As described above, customers and customer satisfaction are essential to maintaining the Debtor's business, goodwill and going concern value.  Failure to honor its obligations with respect to customers in the ordinary course of business during the first

---

[4]   See also *In re Ionosphere Clubs, Inc.*, *supra*, at 176 ("The policy of equality among creditors…may be of significance in liquidation cases under Chapter 7, however, the paramount policy and goal of Chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the debtor.")

21 days of this chapter 11 case will jeopardize customers' loyalty and trust, causing a decrease in goodwill and likely decreasing the Debtor's business at this critical juncture, as well as affecting the Debtor's going concern value.  Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate authorization to honor its Customer Programs.

## **NOTICE**

21.    No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.  Notice of this Motion has been provided by e-mail, fax or overnight courier to the following parties in interest: (a) the Office of the United States Trustee, (b) the twenty (20) largest unsecured creditors of the Debtor (as identified in the lists filed pursuant to Bankruptcy Rule 1007(d), (c) secured creditors, and (d) all owners of the Debtor.  As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served as required by Rule 9014-1(f)(4) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of California.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is required.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, the Debtor respectfully request entry of an order as follows:

1.    Authorizing, but not directing, the Debtor, in its business judgment and discretion, (a) to perform and honor its prepetition obligations related to the Customer Programs in the ordinary course of business, and (b) to continue, renew, replace, implement new, and/or terminate such of the Customer Programs in the ordinary course of business, in each case without further application to the Court; and

///

///

///

///

2. For such other and further relief the Court deems just and proper.

Dated: October 9, 2012                FELDERSTEIN FITZGERALD
                                      WILLOUGHBY & PASCUZZI LLP

                                      By: */s/ Thomas A. Willoughby*
                                          Thomas A. Willoughby
                                          Proposed Attorneys for Zacky Farms, LLC,
                                          Debtor and Debtor in Possession