DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>        Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: FWP-7<br><br>Date:    October 11, 2012<br>Time:    1:30 p.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S EMERGENCY MOTION FOR ORDER ESTABLISHING NOTICE AND ADMINISTRATIVE PROCEDURES**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-titled bankruptcy case ("Zacky Farms" or the "Debtor"), hereby files this Emergency Motion for Order Establishing Notice and Administrative Procedures (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1490.

2. The statutory predicate for the relief requested herein is Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On October 8, 2012, the Debtor filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtor's commencement of this case is set forth in detail in the Declaration of Keith F. Cooper in Support of First Day Motions and Applications filed on October 9, 2012 (Dkt. No. 5) ("Cooper Decl.") and incorporated herein by reference.

5. The Debtor has continued in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date of filing of this Motion, no official committee of unsecured creditors has been appointed in this case, and no request has been made for the appointment of a trustee of examiner.

## RELIEF REQUESTED

7. The Debtor requests entry of an order establishing appropriate notice and administrative procedures. For the reasons set forth below, the Debtor requests entry of an order limiting notice on various matters only to the affected parties as described herein.

## BASIS FOR RELIEF

8. Currently, in excess of three thousand creditors and parties-in-interest may be technically entitled to receive notice in this case. To require the Debtor to provide notice of all pleadings and other papers filed in this case to all these parties-in-interest, no matter how limited their interest may be in a particular matter, would be extremely burdensome and costly to the Debtor's estate as a result of photocopying and postage expenses as well as other expenses associated with such large mailings. Cooper Decl. ¶¶ 66-67,

9. The Debtor proposes to establish a limited service list (the "Limited Service List"), which would include the following parties-in-interest: (i) the Office of the United States Trustee for the Eastern District of California; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors, or the attorneys for the Creditors'

Committee if one has been formed; (v) the attorneys for any other committee appointed by the Court; (vi) the attorneys for the Debtor's pre-petition secured lenders; (vii) the owners of the Debtor; (viii) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 of the Bankruptcy Rules and (ix) the Internal Revenue Service, the State of California Attorney General, the United States Attorney, the Food and Drug Administration, the Department of Agriculture, Environmental Protection Agency, the Occupational Safety and Health Administration, and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California (the "Local Rules"). *Id*. ¶ 68.

10. With respect to the Debtor's twenty largest unsecured creditors, at such time as the Creditors' Committee, if any, is formed, the Debtor will add the attorneys for the Creditors' Committee to the Limited Service List and will remove the Debtor's twenty largest unsecured creditors.'

11. In furtherance of the above noticing request and consistent with the relief requested in this Motion, the Debtor has prepared a proposed Initial Limited Service List, a copy of which is attached hereto to the Exhibit document filed herewith as Exhibit A and incorporated herein by reference.

12. The Proceedings with respect to which notice would be limited to the Limited Service List would include all matters covered by Bankruptcy Rule 2002, with the *express exception* of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. The Limited Service List also would be used for proceedings in addition to Rule 2002 matters that may be required by the Local Rules to be served upon all parties-in-interest.

13. The Debtor will serve a copy of the order approving this Motion on all creditors within three days of the entry of the order. The proposed order includes instructions on how a party-in-interest can be included on the Limited Service List.

14. The Debtor will update the Limited Service List to include those persons or parties who have made a written request to be included among on the Limited Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case; and (ii) monthly thereafter throughout the pendency of this case to include the name and address of any party-in-interest that has made a written request for notice since the Limited Service List was last updated. Such updated Limited Service List will be filed with the Court and circulated to all parties appearing on the Limited Service List only in the event that there is a change to the Limited Service List.

15. Upon the completion of noticing any particular matter, the serving party or its agent will submit to the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of service can state that all parties on the Limited Service List were served in lieu of individually identifying each party on the Limited Service List.

16. The Debtor asserts that the relief requested in this Motion is in the best interest of its estate and its creditors and will not prejudice the rights of any party-in-interest in this case.

## **NOTICE**

17. Notice of this Motion has been provided to the Office of the United States Trustee for the Eastern District of California; the Debtor's twenty (20) largest unsecured creditors, the Debtor's secured creditors, the attorneys for the Debtor's pre-petition secured lenders; the Internal Revenue Service, the State of California Attorney General, the United States Attorney, the Food and Drug Administration, the Department of Agriculture, Environmental Protection Agency, the Occupational Safety and Health Administration, corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California and those persons who have formally appeared and requested

service in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice of this Motion is necessary.

## **CONCLUSION**

WHEREFORE the Debtor respectfully requests that this Court:

1. Enter an order in the form attached hereto as Exhibit B granting the relief requested herein; and

2. Granting the Debtor such other and further relief as is just and proper.

Dated: October 9, 2012

>                    FELDERSTEIN FITZGERALD
>                    WILLOUGHBY & PASCUZZI LLP
>
>                    By: */s/ Thomas A. Willoughby*_____
>                         Thomas A. Willoughby
>                         Proposed Attorneys for Zacky Farms, LLC,
>                         Debtor and Debtor in Possession