DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ZACKY FARMS, LLC, a
California limited liability
company,

         Debtor-In-Possession.

CASE NO. 12-37971-B-11

DCN: FWP-4

Date:     October 11, 2012
Time:    1:30 p.m.
Courtroom: 32
501 I Street, 6th Floor
Sacramento, CA

**ORDER AUTHORIZING DEBTOR TO (A) MAINTAIN EXISTING BANK ACCOUNTS AND CONTINUE USE OF EXISTING CASH MANAGEMENT SYSTEM, (B) CONTINUE USE OF EXISTING BUSINESS FORMS, AND (C) CONTINUE EXISTING INVESTMENT PRACTICES**

The motion of Zacky Farms, LLC, Debtor and Debtor in Possession's (the "Debtor") seeking entry of an order authorizing debtor to (a) maintain existing bank accounts and continue use of existing cash management system, (b) continue use of existing business forms, and (c) continue existing investment practices (the "Motion"), came on for hearing on October 11, 2012, at 1:30 p.m., in Courtroom 32 of the United States Bankruptcy Court for the Eastern District of California. The Debtor appeared through its counsel, Thomas A. Willoughby. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Keith F. Cooper in Support of First Day Motions and Applications, and the matters reflected in the record of the hearing held

ORDER ALLOWING DEBTOR TO
MAINTAIN CURRENT BANK ACCOUNTS

-1-

RECEIVED
October 11, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004481982

on the Motion on October 11, 2012. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, the owners of the Debtor and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion (docket no. 21) is GRANTED, on an interim basis to the extent set forth herein, pending the conclusion of a final hearing on the Motion.

2. The Debtor is authorized to: (a) designate, maintain, and continue to use any and all existing bank accounts with the same account numbers, including, without limitation, the accounts identified in the Motion; (b) treat the bank accounts for all purposes as accounts of the Debtor as debtor-in-possession; and (c) continue to use its existing cash management system.

3. Each of the Debtor's existing depository and disbursement banks (collectively, the "Banks") is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Commencement Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Commencement Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Commencement Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

4. Any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions.

5. That (i) those certain existing deposit agreements between the Debtor and its

Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) the Debtor and the Banks may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

6. Nothing contained herein shall prevent the Debtor from opening any additional bank accounts or closing any existing bank account(s) as it may deem necessary and appropriate, and the Banks are authorized to honor the Debtor's request to open or close, as the case may be, such bank accounts or additional bank accounts, *provided however*, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and that is organized under the laws of the United States or any State thereof.

7. Any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order.

8. The Debtor and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except to the extent otherwise directed by the terms of this Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code.

9. The Debtor is authorized to continue to use its existing business forms and stationery without alternation or change.

10. The Debtor is authorized to continue its current investment practices as described in the Motion. The Debtor is not required to obtain a bond from the Banks pursuant to section 345(b) of the Bankruptcy Code.

11. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any

administrative, pre-petition, or post-petition liabilities upon the Debtor.

12. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

13. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

14. Counsel to the Debtor is directed to serve a copy of this Order on all parties on the Limited Service List as defined in the Debtor's Emergency Motion For Order Establishing Notice and Administrative Procedures on file herein within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

15. A final hearing on the Motion shall be held on October 24, 2012, at 1:30 p.m.

Dated: October 11, 2012

Thomas C. Holman
United States Bankruptcy Judge