DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ZACKY FARMS, LLC, a California limited liability company,

        Debtor-In-Possession.

CASE NO. 12-37961-B-11

DCN: FWP-5

Date: October 11, 2012
Time: 1:30 p.m.
Courtroom: 32
501 I Street, 6th Floor
Sacramento, CA

**ORDER AUTHORIZING DEBTOR TO HONOR PREPETITION OBLIGATIONS TO GROWERS**

The emergency motion of Zacky Farms, LLC, Debtor and Debtor in Possession (the "Debtor") seeking entry of an order authorizing the Debtor to honor prepetition obligations to growers (the "Motion"), came on for hearing on October 11, 2012, at 1:30 p.m., in Courtroom 32 of the United States Bankruptcy Court for the Eastern District of California. The Debtor appeared through its counsel, Thomas A. Willoughby. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Keith F. Cooper in Support of First Day Motions and Applications, and the matters reflected in the record of the hearing held on the Motion on October 11, 2012. The Court having found that it has jurisdiction over this

RECEIVED
October 11, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004481983

-1-

ORDER AUTHORIZING DEBTOR TO HONOR
PREPETITION OBLIGATIONS TO GROWERS

proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, the owners of the Debtor and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion (docket no.22) is GRANTED, on an interim basis to the extent set forth herein, pending the conclusion of a final hearing on the Motion.

2.  The Debtor is authorized, but not directed, to pay and honor all obligations that have accrued by virtue of the services rendered by the Growers pursuant to the Grower Arrangements ("Growout Obligations") prior to the Petition Date on an interim basis through the final hearing on the Motion.

3.  The Debtor's banks are authorized and directed to honor any check or draft representing a Growout Obligation that may be presented for payment and to make other transfers necessary to implement these transactions, provided that sufficient funds are available in the applicable accounts to make the payments and transfers. The Debtor is further authorized to pay any cost or penalty incurred by any Grower in the event that a check issued by the Debtor for payment of any Growout Obligation is inadvertently not honored because of the filing of the Debtor's bankruptcy case.

4.  The banks and other financial institutions that process, honor, and pay any and all checks on account of Growout Obligations shall rely on the representations of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following Debtor's instructions.

5.  Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor.

///

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

8. Counsel to the Debtor is directed to serve a copy of this Order on all parties on the Limited Service List as defined in the Debtor's Emergency Motion For Order Establishing Notice and Administrative Procedures on file herein within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

9. A final hearing on the Motion shall be held on October 24, 2012, at 1:30 p.m.

Dated: October 11, 2012

*Thomas C. Holman*
United States Bankruptcy Judge