**FOX ROTHSCHILD LLP**
Michael A. Sweet (Bar No. 184345)
Dale L. Bratton (Bar No. 124328)
Avi E. Muhtar (Bar No. 260728)
235 Pine Street, Suite 1500
San Francisco, CA 94104-2734
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436
msweet@foxrothschild.com; dbratton@foxrothschild.com; amuhtar@foxrothschild.com

**LOWENSTEIN SANDLER PC**
Jeffrey D. Prol, Esq. (*pro hac* pending)
Wojciech F. Jung, Esq. (*pro hac* pending)
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
jprol@lowenstein.com; wjung@lowenstein.com

Bruce S. Nathan, Esq. (*pro hac* pending)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (973) 422-6851
bnathan@lowenstein.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor. | Case No. 12-37961 (TCH)<br><br>DCN: FWP-1<br><br>Chapter 11 |
|---|---|

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ZACKY FARMS, LLC FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF LOWENSTEIN SANDLER PC AS COUNSEL *NUNC PRO TUNC* TO OCTOBER 18, 2012**

The Official Committee of Unsecured Creditors of Zacky Farms, LLC (the "**Committee**") appointed in the above-captioned case, hereby files this application (the "**Application**") seeking entry of an order authorizing the Committee to retain and employ the law firm of Lowenstein Sandler PC ("**Lowenstein**" or the "**Firm**"), *nunc pro tunc* to October 18, 2012, as counsel to the Committee in the above-captioned case, pursuant to §§ 105, 328(a) and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of this Application, the Committee respectfully represents as follows:

**BACKGROUND**

1. On October 8, 2012 (the "**Petition Date**"), Zacky Farms, LLC (the "**Debtor**") filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of California, Sacramento Division (the "**Court**").

2. The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Information about the Debtor's businesses and the events leading up to the Petition Date can be found in the *Declaration Keith F. Cooper in Support of Application for an Order Shortening Time and in Support of First Day Motions* (the "**Cooper Declaration**") [Doc. No. 5], which is incorporated herein by reference.

4. On October 16, 2012, the United States Trustee filed the *United States Trustee's Appointment of the Unsecured Creditors Committee* [Docket. No. 65] and thereby appointed the Committee consisting of: (i) Western Milling, LLC; (ii) Foster Farms, LLC & Foster Poultry Farms; (iii) Associated Feed & Supply; (iv) Sealed Air Corporation; (v) Axis Media Management, Inc.; (vi) Gahvejian Enterprises, Inc.; and (vii) International Paper Company.

5. On October 18, 2012, at a meeting in which a quorum of the members of the Committee, or their duly designated alternates, were present, the Committee voted to retain Lowenstein as its lead counsel in this case. On October 19, 2012, Committee voted to retain Fox Rothschild LLP as its California counsel. And, on October 22, 2012, the Committee voted to retain CohnReznick LLP as its financial advisor.

6. No other official committees have been appointed or designated in this Chapter 11 case.

## JURISDICTION

7. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for relief sought herein are §§ 105, 328(a), and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9. Pursuant to §§ 105, 328(a) and 1103(a) of the Bankruptcy Code, the Committee seeks to employ and retain Lowenstein as its counsel in connection with this Chapter 11 case, effective as of

-2-

LA1 255434v1 10/30/12

October 18, 2012, which is the date the Committee retained Lowenstein and that Lowenstein commenced providing services on behalf of the Committee.

10. By this Application, the Committee respectfully requests that the Court enter an order authorizing the Committee to retain and employ Lowenstein as its counsel, *nunc pro tunc* to October 18, 2012, to represent the Committee in all phases of this Chapter 11 case.

## BASIS FOR RELIEF

11. Pursuant to §§ 328(a) and 1103 of the Bankruptcy Code, a committee appointed under § 1102 may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estates. 11 U.S.C. §§ 328, 1103. The Committee requests that the Court approve its retention of Lowenstein as its attorneys to perform certain legal services that will be necessary during this Chapter 11 case in accordance with Lowenstein's standard hourly rates and disbursement policies.

12. The Committee selected Lowenstein because Lowenstein has considerable experience in matters of this nature and knowledge in the fields of, *inter alia*, debtors' and creditors' rights, businesses reorganizations under Chapter 11 of the Bankruptcy Code, and general corporate law, and because of its expertise, experience and knowledge in advising and representing official committees of unsecured creditors. In the past 3 years, Lowenstein acted as lead counsel to the Official Committee of Unsecured Creditors in chapter 11 bankruptcy cases of the following integrated poultry producers: *Townsends, Inc.*, *Allen Family Foods*, and *Cagle's, Inc.* Lowenstein was also involved in the chapter 11 case of integrated poultry producer *Pilgrim's Pride*. The attorneys at Lowenstein who will be employed in this Chapter 11 case are members in good standing in the courts in which they are admitted to practice. Accordingly, the Committee seeks to retain Lowenstein because the Firm is well qualified to represent and assist the Committee in performing its duties in this Chapter 11 case.

## SERVICES TO BE PROVIDED BY LOWENSTEIN

13. The Committee respectfully submits that it is necessary and appropriate to employ and retain Lowenstein as counsel to represent the Committee in this Chapter 11 case and render various

professional services to enable the Committee to execute faithfully its duties, including, but not limited to:

    a. serving as lead bankruptcy counsel to the Committee;

    b. providing the Committee with legal advice with respect to its powers, rights, duties, and obligations in this Chapter 11 case;

    c. assisting and advising the Committee in its consultations with the Debtor regarding the administration of this Chapter 11 case;

    d. taking all necessary actions to protect and preserve the estates of the Debtor for the benefit of creditors, including involvement in the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, the prior operation of the Debtor's businesses, investigation and prosecution of estate claims and causes of action and any other matters relevant to this Chapter 11 case;

    e. assisting in preparing on behalf of the Committee all necessary motions, applications, answers, orders, reports, papers and other pleadings and filings in connection with the Committee's duties in this Chapter 11 case;

    f. advising the Committee on the corporate aspects of the Debtor's reorganization or liquidation and the plan(s) or other means to effect reorganization or liquidation as may be proposed in connection therewith, and participation in the formulation of any such plan(s) or means of implementing reorganization or liquidation, as necessary;

    g. advising and representing the Committee in hearings and other judicial proceedings in connection with all applications, motions, or complaints and other similar matters; and

    h. performing all other necessary legal services in connection with the post-petition representation of the Committee.

14. The Committee respectfully represents that it is necessary for the Committee to retain counsel to perform the above-referenced services and to otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code. Lowenstein began its representation of the Committee following the date of Lowenstein's election as Committee counsel, subject to the Court's approval of its retention.

-4-

LA1 255434v1 10/30/12

## DISINTERESTEDNESS OF LOWENSTEIN

15. To the best of the Committee's knowledge, information and belief, and as evidenced by the declaration of Wojciech F. Jung, in support of the application to employ Lowenstein as counsel to the Committee (the "**Jung Declaration**"), filed concurrently herewith. Lowenstein does not currently hold or represent an interest adverse to the interest of the estate with respect to the matters on which Lowenstein is to be employed, except as set forth therein, and Lowenstein is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code.

16. Lowenstein does not, and has not, represented any entities, other than the Committee, in matters related to this Chapter 11 case. Lowenstein may represent or may have represented certain parties with interests in the Chapter 11 case on matters unrelated to the Chapter 11 case. As set forth in the Jung Declaration, Lowenstein has conducted, and continues to conduct, research into its relations with the Debtor, the Debtor's substantial creditors and other parties interested in this Chapter 11 case.

17. The Debtor has many creditors and/or investors. A firm the size of Lowenstein, which employs approximately 270 attorneys and has a large and diversified legal practice, necessarily may have contacts and relationships with such parties and entities and/or professionals retained by them that may include present representations of or against certain creditors of the Debtor in matters unrelated to the Debtor and its bankruptcy case, as well as minor equity holdings in such parties and entities by partners in the Firm. The Firm may supplement the Jung Declaration from time to time to disclose any such additional material contacts or relationships with significant parties as and if they become known.

## COMPENSATION OF LOWENSTEIN

18. The terms of the employment of Lowenstein provide generally that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates, and that Lowenstein will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with § 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules and the orders of this Court.

LA1 255434v1 10/30/12

19. The present hourly rates for attorneys and paralegals of the Firm are set forth in the Jung Declaration attached hereto. The hourly rates of the attorneys and paralegals of Lowenstein are subject to periodic adjustments to reflect economic and other conditions and to reflect their increased expertise and experience in their area of law. The current hourly rates for the attorneys who will primarily be performing services for the Committee in this case are $780 for Kenneth A. Rosen, $645 for Jeffrey D. Prol, $730 for Bruce Nathan, $540 for Wojciech F. Jung, $285 for Keara Waldron and $310 for Elie J. Worenklein.

20. Lowenstein will also seek reimbursement for necessary expenses incurred, which may include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services to the Committee.

21. Lowenstein will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules and orders of this Court, and be paid pursuant to said Code, Rules and Orders.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit "B", approving the Committee's employment of Lowenstein as counsel to the Committee, *nunc pro tunc* to October 18, 2012, and that it have such other and further relief as is just and proper.

This 29 day of October, 2012.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ZACKY FARMS, LLC

BY: _____
Associated Feed & Supply, as Chairperson of
the Official Committee of Unsecured
Creditors of Zacky Farms, LLC.