DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | CASE NO. 12-37961-B-11 |
|---|---|
| ZACKY FARMS, LLC, a California limited liability company, | [No Hearing Required] |
| Debtor-In-Possession. | |

## ORDER AUTHORIZING EMPLOYMENT OF FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP AS BANKRUPTCY COUNSEL

An application to employ attorneys pursuant to 11 U.S.C. § 327 (the "Application") has been made. Based upon the Application, the record, and the verified statement required by Federal Rule of Bankruptcy Procedure 2014(a), it appears that the attorneys are eligible to be employed.

IT IS ORDERED that Zacky Farms, LLC (the "Debtor") is authorized to retain the firm of Felderstein Fitzgerald Willoughby & Pascuzzi LLP ("FFWP") as counsel, subject to the following terms and conditions pursuant to 11 U.S.C. §328(a):

1. The authorized employment of FFWP as counsel for the Debtor is effective as of the October 8, 2012, petition date.

2. No compensation is permitted except upon court order following an application pursuant to 11 U.S.C. § 330.

RECEIVED
October 25, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004502474

3.  Compensation will be at the "lodestar rate" applicable at the time that services are rendered in accordance with Ninth Circuit decision in In re Manoa Fin. Co., 853 F.2d 687 (9th Cir.1988). No hourly rate referred to in the application papers is approved unless unambiguously so stated in this order or in a subsequent order of the court.

4.  All funds received by Counsel in connection with this matter, regardless of whether they are denominated a retainer or are said to be nonrefundable, are deemed to be an advance payment of fees and to be property of the estate except to the extent that Counsel demonstrates, pursuant to the statement required by 11 U.S.C. § 329 filed before ten days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

5.  Funds of the estate that are deemed to constitute an advance payment of fees, including funds denominated "Fee Deposit" as defined in paragraph 11 of the Application, shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or an attorneys' trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

6.  The court will entertain applications for compensation on a monthly basis.

Dated: November 09, 2012

Thomas C. Holman
United States Bankruptcy Judge