DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: FWP-11<br><br>Date: November 8, 2012<br>Time: 3:00 p.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |
|---|---|

**ORDER GRANTING MOTION (I) AUTHORIZING THE CONTINUED EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS THE DEBTOR'S CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF THE PETITION DATE; AND (II) APPROVING THE ENGAGEMENT AGREEMENT BETWEEN THE DEBTOR AND KEITH F. COOPER AND FTI CONSULTING, INC.**

The motion of Zacky Farms, LLC, Debtor and Debtor in Possession's (the "Debtor") seeking entry of an order authorizing the continued employment and retention of FTI Consulting, Inc., together with its wholly-owned subsidiaries, agents and independent contractors as the Debtor's Chief Restructuring Officer effective as of the Petition Date; and (II) approving the Engagement Agreement between the Debtor and Keith F. Cooper and FTI Consulting, Inc. (the "Motion"), came on for continued hearing on November 8, 2012, at 3:00 p.m., in Courtroom 32 of the United States Bankruptcy Court for the Eastern District of California. The Debtor appeared through its counsel, Thomas A. Willoughby. Other appearances were noted on the record. All capitalized terms used but not defined herein shall

RECEIVED
November 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004526714

-1-

ORDER GRANTING MOTION (I) AUTHORIZING THE
CONTINUED EMPLOYMENT OF FTI ; AND (II)
APPROVING THE FTI ENGAGEMENT AGREEMENT

have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Keith F. Cooper in Support of the Motion, and the matters reflected in the record of the hearing held on the Motion on November 8, 2012. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, counsel for the creditors committee, the owners of the Debtor, applicable governmental entities, and those requesting special notice pursuant the Limited Service List; that no further notice is necessary; that the relief sought in the Motion, as modified herein, is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion (docket no. 96) is GRANTED as provided herein.

2. Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized, but not directed, to continue its engagement of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents and independent contractors (collectively "FTI") to provide restructuring advisory services on the terms set forth in the Motion, the Engagement Agreement attached thereto, as modified herein, and the Cooper Declaration with such employment being effective as of the Petition Date.

3. Except as otherwise provided in this paragraph, FTI shall be subject to the same fee review process as professionals employed under section 327 of the Bankruptcy Code, including review of its fees and expenses under section 330 of the Bankruptcy Code. The FTI employees serving as officers of the Debtor, currently Keith F. Cooper as the Debtor's Sole Manager and Chief Restructuring Officer and Sean M. Harding as the Debtor's Senior Vice President of Restructuring, shall not be subject to the same fee review and payment process as professionals employed under section 327 of the Bankruptcy Code.

4. The second paragraph on page 6 of the Engagement Agreement is hereby stricken and of no effect.

///

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order. Any and all disputes regarding the engagement of FTI shall be subject to the exclusive jurisdiction of the bankruptcy court and determined by applicable law. Paragraph 7.2 of the FTI's Standard Terms and Conditions is hereby stricken and of no effect.

6. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

Approved:

LOWENSTEIN SANDLER PC


By: /s/ Wojciech F. Jung
Wojciech F. Jung
Counsel for the Official Committee
of Unsecured Creditors

Dated: November 13, 2012

*[signature]*
Thomas C. Holman
United States Bankruptcy Judge

ORDER GRANTING MOTION (I) AUTHORIZING THE CONTINUED EMPLOYMENT OF FTI; AND (II) APPROVING THE FTI ENGAGEMENT AGREEMENT