DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: FWP-20<br><br>**[No Hearing Requested or Required]** |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY KING & SPALDING LLP AS SPECIAL TRANSACTIONS COUNSEL**

Upon consideration of the amended application (the "<u>Amended Application</u>")[1] of Zacky Farms, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), for entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtor to retain and employ King & Spalding to serve as the Debtor's special counsel for complex transactions and related matters retroactive to November 28, 2012, and to compensate King & Spalding pursuant to sections 330 and 331 of the Bankruptcy Code; and upon the Ferdinands Declaration in support thereof; and the Court having found that it has jurisdiction to consider this Amended Application pursuant to 28

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended Application.

RECEIVED
December 27, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004595396

U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Amended Application in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Amended Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and notice of the Amended Application and the opportunity for a hearing on the Amended Application was appropriate under the particular circumstances; and the Court having reviewed the Amended Application and the Ferdinands Declaration and having considered the relief requested in the Amended Application; and the Court having determined that the legal and factual bases set forth in the Amended Application and the Ferdinands Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Amended Application is granted as set forth below.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtor is authorized to employ and retain King & Spalding as special counsel to the Debtor effective as of November 28, 2012, as special transactions counsel.

3. King & Spalding is authorized to render such legal services to the Debtor as its management and King & Spalding deem appropriate and feasible relating to the following:

   a. advising the Debtor with respect to the marketing of the Debtor's assets for sale;

   b. advising the Debtor with respect to the due diligence process for potential purchasers of the Debtor's assets, including, without limitation, assisting the Debtor in its efforts to compile information and data related to such due diligence process;

   c. advising the Debtor with respect to any legal issues that may arise in connection with the sale process, including, without limitation, antitrust, environmental, intellectual property, real estate, labor and employee benefits issues;

   d. working with FFWP in preparing for and conducting an auction whereby substantially all of the assets of the Debtor will be sold to the highest or otherwise best bidder;

e. working with FFWP in seeking and obtaining Court approval of such sale, including, without limitation, drafting, filing and prosecuting all pleadings related thereto;

f. drafting and negotiating all documents relating to the sale of the Debtor's assets, including, without limitation, one or more definitive asset purchase agreements resulting from the sale process;

g. coordinating the closing of the sale of substantially all of the Debtor's assets (and the transactions related thereto);

h. advising the Debtor with respect to post-closing issues arising from or relating to the sale of substantially all of the Debtor's assets (or any transaction resulting therefrom); and

i. advising the Debtor with respect to such other matters arising (directly or indirectly) from or relating to the sale process and/or any transaction arising therefrom.

4. King & Spalding shall be compensated in accordance with the terms set forth in the Amended Application, and subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines promulgated by the office of the United States Trustee, and the Court's order (Dkt. No. 288) establishing fee application procedures for professionals retained pursuant to section 327 of the Bankruptcy Code.

5. The Court shall have jurisdiction over any controversy arising from or related to the Amended Application or King & Spalding's retention in the Debtor's chapter 11 case.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: January 17, 2013

_____
Thomas C. Holman
United States Bankruptcy Judge