DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: BRR-1<br><br>Date: February 5, 2013<br>Time: 9:32 a.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S OPPOSITION TO THE MOTION OF DORN'S GAS FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-entitled bankruptcy case (the "Debtor"), files this opposition to the motion (the "Motion") for allowance and immediate payment of administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) ("Dorn's Gas Section 503(b)(9) Claim") filed by Dorn's Gas for a claim in the amount of $66,196.65 for goods shipped in the ordinary course of business during the time period from September 18, 2012 to October 8, 2012.

**SUMMARY OF ARGUMENT**

The Debtor opposes the Motion and seeks a continuance for three reasons. First, the recent settlement (the "Settlement") among the Official Committee of Unsecured Creditors (the "Committee"), the Debtor and the Robert D. Zacky and Lillian D. Zacky Trust U/D/T dated

July 26, 1988 (the "Zacky Trust") provides a compromise procedure for Section 503(b)(9) Claims to which Dorn's Gas has not yet had an opportunity to elect. If Dorn's Gas elects to accept the compromise of its Section 503(b)(9) Claim, the factual issues with respect to the Motion will be narrowed significantly .

Second, Dorn's Gas has provided no evidence showing that the Motion should be considered outside of the procedures for determining Section 503(b)(9) Claims (the "Procedures") approved by this Court on January 8, 2013. Specifically, Dorn's Gas has not provided any evidence that Dorn's Gas will experience substantial hardship if the Motion is determined as provided for in the Procedures. The Debtor should have until March 8, 2013 in which to object to the Dorn's Gas Section 503(b)(9) Claim pursuant to the Procedures and the Motion should be continued to after April 8, 2013, the date by which Dorn's Gas has to respond to any objection under the Procedures.

Third, the Court should not require immediate payment of the Dorn's Gas Section 503(b)(9) Claim at this juncture. As part of the Settlement, the Zacky Trust will provide $6.4 million in the form of a secured note ("503(b)(9) Note") to fund a settlement pool for Section 503(b)(9) Claims. The 503(b)(9) Note matures six months after the closing of the sale with interest paid quarterly in arrears, so the Debtor is not able to pay any Section 503(b)(9) Claims immediately.

**LEGAL ARGUMENT**

**A.  The Motion Should Be Continued to Permit Dorn's Gas to Elect the Compromise Regarding Section 503(b)(9) Claims That Is Part of the Settlement**

As stated on the record at the hearing on January 18, 2013, the Committee, the Debtor and the Zacky Trust have settled various disputed issues in the Debtor's bankruptcy case. A hearing to approve the Settlement is currently set for January 28, 2013. As part of the Settlement, non-insider creditors asserting Section 503(b)(9) Claims (including Dorn's Gas) may elect to settle their Section 503(b)(9) Claims as follows: (i) the Section 503(b)(9) Claim shall be allowed and paid in an amount equal to 75% of the value of goods received by the Debtor during the period from September 17, 2012 to October 7, 2012 (the "Period") and not paid for; (ii) payment of the

allowed Section 503(b)(9) Claim shall be made from proceeds of the 503(b)(9) Note as such funds become available to the estate; (iii) the claimant shall waive any lien rights and secured claims; and (iv) the Debtor and the estate shall waive all chapter 5 causes of action against the settling claimant. Settlement Term Sheet filed on January 18, 2013 attached as Exhibit A to the Exhibit Document filed herewith ("Term Sheet") at 5. The Debtor and its estate reserve and may only assert defenses related to whether goods were received during the Period and whether invoices issued with respect to such goods were paid. *Id*. Non-insider creditors asserting 503(b)(9) claims that do not opt to accept the foregoing settlement shall be entitled to litigate to recover the full amount of their asserted Section 503(b)(9) claims, and the Debtor and its estate shall retain all defenses thereto. *Id*. Chapter 5 causes of action shall not be waived against non-settling claimants. *Id*.

Because the Settlement has not yet been approved, non-insider creditors asserting Section 503(b)(9) Claims (including Dorn's Gas) have not yet been given the opportunity to elect to compromise their Section 503(b)(9) Claims. If Dorn's Gas elects to compromise its Section 503(b)(9) Claim, then the factual analysis with respect to the Dorn's Gas Section 503(b)(9) Claim will be limited. The hearing on the Motion should be continued until after Section 503(b)(9) have had a chance to elect to accept the compromise that is part of the proposed Settlement.

**B.    The Motion Should Be Continued to Permit the Motion to Be Determined in Accord with the Procedures Established to Reconcile Section 503(b)(9) Claims**

As explained in the Debtor's motion to establish procedures for resolving the Section 503(b)(9) Claims ("Procedures Motion") filed on December 11, 2012 (Dkt. No. 382), there is a split in authority as to whether Bankruptcy Code section 502(d) can be used to disallow a claim under section 503(b)(9). *Compare In re Plastech Engineered Prods.*, 394 B.R. 147 (Bankr. E.D. Mich. 2008) (holding section 502 (d) cannot be used to disallow a claim under section 503(b)(9)) and S*outhern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC)*, 410 B.R. 742, 750 (Bankr. N.D. Ga. 2009) (same) *with In re Circuit City Stores, Inc.*, 426 B.R. 560 (Bankr. E.D. Va. 2010) (holding section 502(d) can be used to disallow a claim under section 503(b)(9)). *Circuit City* is consistent with *MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503,

508 (9th Cir. BAP 2002), which holds that section 502(d) can be used to disallow an administrative claim.

At a hearing on January 8, 2013 on the Procedures Motion, this Court tentatively ruled that Bankruptcy Code section 502(d) can be used to disallow a Section 503(b)(9) Claim to the extent that a creditor asserting a Section 503(b)(9) Claim ("Claimant") has received an avoidable transfer.[1] The Court approved the Procedures subject to a Claimant requesting that determination of its Section 503(b)(9) Claim be accelerated. However, any such request "must be accompanied by detailed evidence showing that the claimant will experience substantial hardship if the § 503(b)(9) Procedure is not accelerated as to the claimant." Tentative Ruling re Procedures Motion on January 8, 2013 9:32 a.m. Calendar at 19-20, attached as Exhibit B to the Exhibit Document filed herewith. Dorn's Gas has provided no detailed evidence to show that Dorn's Gas will experience substantial hardship if the Motion is determined in accord with the Procedures, so the Motion should be determined in accord with the Procedures. Specifically, the Debtor should be granted until March 8, 2013 in which to file an objection to the Dorn's Gas Section 503(b)(9) Claim and Dorn's Gas should be granted until April 8, 2013 in which to file a response to any such objection. The Motion should be continued to a date after April 8, 2013.

**C.    The Court Should Not Order the Immediate Payment of the Dorn's Gas Section 503(b)(9) Claim**

The Debtor has no current ability to pay the Dorn's Gas Section 503(b)(9) Claim. The Zacky Trust, which is also the DIP Lender, has asserted that immediate payment of Section 503(b)(9) Claims would cause the Debtor to default in the Debtor's post-petition financing agreement and would violate the budget approved by the final order approving the post-petition financing agreement filed on November 13, 2012 (Dkt. No. 292). *See* Omnibus Objection of the DIP Lender to the motions of Foster Poultry Farms and Associated Feed & Supply Co. for allowance and payment of section 503(b)(9) claims filed on November 27, 2012 (Dkt. No. 342) at 3:27 – 4:11.

---

[1] A civil minute order to be issued by the Court approving the procedures as modified by the Court has not yet been entered.

1  Pursuant to the proposed Settlement, the Zacky Trust will provide a secured note in the principal amount of $6.4 million to pay allowed Section 503(b)(9) Claims. The 503(b)(9) Note will mature six months following the closing of the sale of the Debtor's assets to the Zacky Trust, bear interest at 4% per annum, and the interest will be paid quarterly in arrears. Term Sheet at 3. Based on the structure of the 503(b)(9) Note, funds to pay Section 503(b)(9) Claims will be available no earlier than three months after the close of the sale of the assets to the Zacky Trust.

Because the Debtor has no ability to pay the Dorn's Gas Section 503(b)(9) Claim now, the Court should deny Dorn's Gas' request for an order directing immediate payment of its Section 503(b)(9) Claim.

**CONCLUSION**

Accordingly, the Debtor asks the Court to continue the hearing on the Motion until after Dorn's Gas has had the opportunity to choose to accept the compromise that is part of the Settlement. Alternatively, the Debtor asks the Court to have the Motion be addressed pursuant to the Procedures and to continue the hearing on the Motion to a date after April 8, 2013.

Dated: January 22, 2013

        FELDERSTEIN FITZGERALD
        WILLOUGHBY & PASCUZZI LLP

        By: */s/ Thomas A. Willoughby*
           THOMAS A. WILLOUGHBY
           Attorneys for Zacky Farms, LLC