**4**

Scott E. Blakeley (State Bar No. 141418)
E-Mail: seb@blakeleyllp.com
Johnny White (State Bar No. 269306)
E-Mail: jwhite@blakeleyllp.com
BLAKELEY & BLAKELEY LLP
2 Park Plaza, Suite 400
Irvine, California 92614
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

Scott H. Olson (State Bar No. 249956)
E-Mail:  solson@seyfarth.com
Ferry E. Lopez (State Bar No. 274080)
E-Mail:  flopez@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2350
Sacramento, California  95814-4428
Telephone:  (916) 448-0159
Facsimile:   (916) 558-4839

Carmine R. Zarlenga
Admitted Pro Hac Vice
E-Mail: czarlenga@mayerbrown.com
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Foster Poultry Farms d/b/a Foster Farms*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>                    Debtor-in-Possession. | Case No.: 12-37961<br>Chapter 11<br>DC No.: FWP-22<br><br>Hearing Date, Time and Location:<br>Date:    February 20, 2013<br>Time:    2:00 p.m.<br>Place:   501 I Street, 6th Floor<br>            Department B, Courtroom 32<br>            Sacramento, CA 95814<br>Judge:   Honorable Thomas C. Holman |

SUPPLEMENTAL OPPOSITION/OBJECTION OF FOSTER POULTRY FARMS
D/B/A FOSTER FARMS TO DEBTOR'S MOTION FOR AUTHORITY TO
SELL ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS

**SUPPLEMENTAL OPPOSITION/OBJECTION OF FOSTER POULTRY FARMS D/B/A FOSTER FARMS TO DEBTOR'S MOTION FOR AUTHORITY TO SELL ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

Creditor, Foster Poultry Farms d/b/a Foster Farms ("Foster Farms"), by and through its undersigned counsel, in opposition to *Debtor's Motion for Authority to Sell All of the Debtor's Assets Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code* [Docket Nos. 468, 470, 641, 642, 644, 645, 646, 699, 700, 754, 755, 872, 873, 874, 987, 988, 989, and 990] (the "Motion"), respectfully represents as follows:

### INCORPORATION BY REFERENCE

1. Foster Farms hereby incorporates by reference the *Opposition/Objection of Foster Poultry Farms d/b/a Foster Farms to Debtor's Motion for Authority to Sell All of the Debtor's Assets Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code* [Dkt. 919], filed by Foster Farms on February 5, 2013 (the "Objection"), as if fully set forth herein.

2. Foster Farms has a paid-for interest in the Debtor's trademarks that requires protection regardless of the party that ultimately purchases the Debtor's assets. Its Objection applies with equal if not greater force to the proposed sale of the Debtor's assets to the Robert D. and Lillian D. Zacky Trust (the "Zacky Trust").

### IMPLICATIONS FOR FOSTER FARMS OF CHANGE IN PURCHASER

3. Subsequent to filing the Objection, Foster Farms and Pitman[1] agreed on certain language that should be incorporated into the proposed sale order. The proposed language acknowledged that the sale was subject to the Trademark License Agreement to the extent that agreement was applicable to the intellectual property rights Pitman would purchase. The language would have preserved the status quo as it relates to Foster Farms' interest in the Debtor's trademarks.

4. The Debtor noted this agreement in the *Debtor's Status Report on Motions Set on February 6, 2013 at 2:00 p.m. Hearing Calendar* [Dkt. 957] filed on February 6, 2013, and the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

SUPPLEMENTAL OPPOSITION/OBJECTION OF FOSTER POULTRY FARMS D/B/A FOSTER FARMS TO DEBTOR'S MOTION FOR AUTHORITY TO SELL ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS

2

1  proposed language was set forth at paragraph 39 of the proposed order, which was filed as an exhibit to

2  the aforementioned status report [Dkt. 958, Exhibit A].

3  5. If the Debtor sells its assets to the Zacky Trust, the Debtor and Zacky Trust do not

4  propose to incorporate comparable language into the sale order.

5  6. Absent protective language, the proposed order will contain broad language that could

6  arguably be construed as authorizing the sale of the trademarks free and clear of Foster Farms' interest

7  in those trademarks. Examples of this broad language include Recitals S, U, and W, and paragraph 2

8  of the proposed order.

  7. Recital S states that

> "To the fullest extent allowable under applicable law, the Purchased Assets shall be sold free and clear of any and all liens, Claims, encumbrances and interests of any kind or nature whatsoever…"

  8. Recital U states that:

> "The transfer of the Purchased Assets to the Purchaser will be a legal, valid, and effective transfer of the Purchased Assets and shall vest Purchaser with all right, title, and interest of the Debtor to the Purchased Assets free and clear of any and all Liens (other than the Permitted Liens)."

  9. Recital W states that:

> "The Debtor may sell the Purchased Assets free and clear of all Liens of any kind or nature whatsoever (other than the Permitted Liens) because, in each case, one or more of the standards set forth in Bankruptcy Code § 363(f) has been satisfied."

  10. Paragraph 2 states that:

> All objections, responses, reservations of rights, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response, reservation of rights, or request for continuance was not otherwise withdrawn, waived, or settled, it is overruled and denied on the merits.

  11. If the Zacky Trust successfully purchases the Debtor's assets, the Debtor's assets, including its trademarks, will once again be owned and controlled by the current insiders.

SUPPLEMENTAL OPPOSITION/OBJECTION OF FOSTER POULTRY FARMS D/B/A FOSTER FARMS TO DEBTOR'S MOTION FOR AUTHORITY TO SELL ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS

3

12. Indeed, prior to, and during the pendency of this case, the Debtor, controlled by the same insiders, engaged in unlawful use of those trademarks in connection with the sale of fresh chicken products in violation of the Trademark License Agreement. Foster Farms believes that if the sale order incorporates the broad language identified above, the Zacky Trust will attempt to argue that the sale order divested Foster Farms of its interest in the trademarks. This belief is based on Debtor's prior conduct and Zacky Trust's refusal to incorporate specific language in the sale order that will protect Foster Farms' interest in the trademarks.

**RELIEF REQUESTED**

13. Foster Farms merely requests that it be allowed to approve the form of the order so as to protect its interest in the trademarks, and to ensure that the sale order is consistent with the Court's tentative ruling released on February 6, 2013, and the Court's anticipated ruling, that the Debtor's sale of assets will only be authorized free and clear of the "liens and interests specified in the motion."

**CONCLUSION**

14. For the foregoing reasons, Foster Farms restates its objection to the Motion. The requirements of Section 363(f) are not satisfied with respect to the trademarks. The sale should not proceed unless the sale order specifies that they are taken by Zacky Trust or Pitman subject to the Trademark License Agreement.

Dated: February 13, 2013

Respectfully submitted,

BLAKELEY & BLAKELEY LLP

By:  /s/ *Johnny White*
         Scott E. Blakeley
         Johnny White

*Attorneys for Foster Poultry Farms d/b/a Foster Farms*