1  DONALD W. FITZGERALD, State Bar No. 095348
   THOMAS A WILLOUGHBY, State Bar No. 137597
2  JENNIFER E. NIEMANN, State Bar No. 142151
   FELDERSTEIN FITZGERALD
3  WILLOUGHBY & PASCUZZI LLP
   400 Capitol Mall, Suite 1750
4  Sacramento, CA 95814
   Telephone: (916) 329-7400
5  Facsimile: (916) 329-7435
   dfitzgerald@ffwplaw.com
6  twilloughby@ffwplaw.com
   jniemann@ffwplaw.com
7
   Attorneys for Zacky Farms, LLC
8

9              UNITED STATES BANKRUPTCY COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                  SACRAMENTO DIVISION

12  In re:                          CASE NO. 12-37961-B-11

13  ZACKY FARMS, LLC, a             DCN: FWP-36
    California limited liability
14  company,                        Date:    May 14, 2013
                                    Time:    9:32 a.m.
15             Debtor-In-Possession.  Courtroom: 32
                                    501 I Street, 6th Floor
16                                  Sacramento, CA

17      DEBTOR'S OBJECTION TO ALLOWANCE OF ADMINISTRATIVE EXPENSE
        CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9) FILED BY SHELL ENERGY NORTH
18                  AMERICA (US) LP (CLAIM NO. 275)

19         Zacky Farms, LLC, a California limited liability company, debtor in possession in the

20  above-entitled bankruptcy case (the "Debtor") hereby objects (the "Objection") to the allowance

21  of the administrative expense claim filed pursuant to 11 U.S.C. § 503(b)(9) by Shell Energy

22  North America (US) LP ("Claimant"), Claim No. 275, on December 26, 2012, in the amount of

23  $111,559.51 (the "Claim") for goods shipped in the ordinary course of business during the time

24  period from September 18, 2012 to October 8, 2012 (the "Petition Date"). A true and correct

25  copy of the Claim will be filed if a timely response is filed to this Objection. This Objection is

26  filed pursuant to this Court's order establishing procedures for Section 503(b)(9) Claims (Dkt.

27  No. 1108). The Objection is supported by the Declaration of Jennifer Byrne ("Byrne Decl.") filed

28  herewith.

1    The Debtor objects to the Claim on the ground that Claimant received potentially

2    avoidable transfers of the Debtor's property within the 90 days prior to the Petition Date, which

3    property (or its value) has not been returned to the estate.

4    Specifically, commencing on or about July 10, 2012, the Debtor transferred property to or

5    for the benefit of Claimant in an aggregate amount of at least $332,427.04 (collectively, the

6    "Avoidable Transfers"). At the time the Debtor made the Avoidable Transfers, Claimant was a

7    creditor of the Debtor. The Avoidable Transfers were for or on account of an antecedent debt

8    owed by the Debtor and were made while the Debtor was insolvent. The Avoidable Transfers

9    were made on or within 90 days before the Petition Date and enabled Claimant to receive more

10   than Claimant would have received if the case were a case under chapter 7 of the Bankruptcy

11   Code,[1] the Avoidable Transfers had not been made, and Claimant received payment of its

12   antecedent debt to the extent provided by the provisions of the Bankruptcy Code. Byrne Decl.

13   ¶¶ 7-11.

14   Bankruptcy Code section 502(d) can be used to disallow a claim under section 503(b)(9).

15   *See In re Circuit City Stores, Inc.*, 426 B.R. 560 (Bankr. E.D. Va. 2010) (holding section 502(d)

16   can be used to disallow a claim under section 503(b)(9)). *Circuit City* is consistent with

17   *MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503, 508 (9th Cir. B.A.P.

18   2002), which holds that section 502(d) can be used to disallow an administrative claim. Because

19   Claimant received Avoidable Transfers that have not been returned to the Debtor's bankruptcy

20   estate, the Debtor objects to allowance of Claimant's Claim.

21   This Objection is limited to the grounds stated herein, and the Debtor expressly reserves

22   all other substantive and/or procedural objections that it may have with respect to this Claim.

23   ///

24   ///

25   ///

26   ///

27   ///

28
---
[1] Title 11 of the United States Code, §§ 101 *et seq*.

DEBTOR'S OBJECTION TO SECTION
503(b)(9) CLAIM

1    WHEREFORE, the Debtor requests that the Court disallow the Claim in the amount for

2  which Claimant is liable under Bankruptcy Code section 550.  The Debtor reserves any objections

3  that the Debtor may later assert to such claim as a general unsecured or priority claim.

4  Dated: March 8, 2013

5                                            FELDERSTEIN FITZGERALD
                                             WILLOUGHBY & PASCUZZI LLP

6                                            By:   /s/ Thomas A. Willoughby
                                                  THOMAS A. WILLOUGHBY
7                                                 Attorneys for Zacky Farms, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28