DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: RAC-1<br><br>Date: May 14, 2013<br>Time: 9:32 a.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S OBJECTION TO ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9) FILED BY FOSTER POULTRY FARMS DBA FOSTER FARMS (CLAIM NO. 290)**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-entitled bankruptcy case (the "Debtor") hereby objects (the "Objection") to the allowance of the administrative expense claim filed pursuant to 11 U.S.C. § 503(b)(9) as set forth in (a) the motion for allowance and immediate payment of administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) filed by Foster Poultry Farms d/b/a/ Foster Farms ("Foster Farms") on November 13, 2012 (Dkt. No. 293) (the "Motion"), in the amount of $1,637,705.08 (the "Claim"); and (b) Claim No. 290 filed by Foster Farms on January 2, 2013, in the amount of $1,637,705.08. A true and correct copy of the Motion and the Claim will be filed if a timely response is filed to this Objection. This Objection is filed pursuant to this Court's order

establishing procedures for Section 503(b)(9) Claims (Dkt. No. 1108) and is supported by the Declaration of Jennifer Byrne ("Byrne Decl.") filed herewith.

The Debtor objects to Claim No. 290 on the ground that Claim No. 290 is duplicative of allowance of the Claim as requested in the Motion.

The Debtor objects to allowance of the Claim on two grounds: (1) Claimant received potentially avoidable transfers of the Debtor's property within the 90 days prior to October 8, 2012 (the "Petition Date"), which property (or its value) has not been returned to the estate; and (2) to the extent that the Claim is not disallowed due to the avoidable transfers, the Claim should be allowed administrative priority status in an amount no greater than $1,543,582.08.

**A.     The Claim Is Subject To Bankruptcy Code Section 502(d)**

Commencing on or about July 10, 2012, the Debtor transferred property to or for the benefit of Claimant in an aggregate amount of at least $3,750,106.09 (collectively, the "Avoidable Transfers"). At the time the Debtor made the Avoidable Transfers, Claimant was a creditor of the Debtor. The Avoidable Transfers were for or on account of an antecedent debt owed by the Debtor and were made while the Debtor was insolvent. The Avoidable Transfers were made on or within 90 days before the Petition Date and enabled Claimant to receive more than Claimant would have received if the case were a case under chapter 7 of the Bankruptcy Code,[1] the Avoidable Transfers had not been made, and Claimant received payment of its antecedent debt to the extent provided by the provisions of the Bankruptcy Code. Byrne Decl. ¶¶ 7-11.

Bankruptcy Code section 502(d) can be used to disallow a claim under section 503(b)(9). *See In re Circuit City Stores, Inc.*, 426 B.R. 560 (Bankr. E.D. Va. 2010) (holding section 502(d) can be used to disallow a claim under section 503(b)(9)). *Circuit City* is consistent with *MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503, 508 (9th Cir. B.A.P. 2002), which holds that section 502(d) can be used to disallow an administrative claim. Because Claimant received Avoidable Transfers that have not been returned to the Debtor's bankruptcy estate, the Debtor objects to allowance of Claimant's Claim.

---

[1] Title 11 of the United States Code, §§ 101 *et seq*.

**B.    If Allowed In Any Amount, The Claim Should Be Allowed Administrative Priority Status In An Amount No Greater Than $1,543,582.08**

Section 503(b)(9) of the Bankruptcy Code provides in relevant part that

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the debtor's ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

The Claim includes invoice numbers 6002435954 and 6002435988 in the aggregate amount of $11,667.44 for goods received by the Debtor post-petition. Byrne Decl. ¶ 15. Goods received by the Debtor from Claimant on or after the Petition Date are not subject to administrative expense priority under Bankruptcy Code section 503(b)(9). The Claim also includes invoice number Z12681002 for which the Debtor has prorated $481,653.97 for goods delivered pre-petition while Claimant has allocated $564,109.53 for such goods. *Id.* If the Claim is allowed in any amount, the Claim should only be allowed administrative priority status in an amount not greater than $1,543,582.08.

This Objection is limited to the grounds stated herein, and the Debtor expressly reserves all other substantive and/or procedural objections that it may have with respect to this Claim.

WHEREFORE, the Debtor objects to Claim No. 290 on the ground that Claim No. 290 is duplicative of allowance of the Claim as requested in the Motion and requests the Court disallow Claim No. 290 in its entirety. The Debtor further requests that: (1) the Court disallow Claimant's Claim in the amount for which Claimant is liable under Bankruptcy Code section 550; and (2) if Claimant's Claim is allowed in any amount, the Court allow the Claim administrative priority status in an amount no greater than $1,543,582.08.

Dated: March 8, 2013

                FELDERSTEIN FITZGERALD
                WILLOUGHBY & PASCUZZI LLP

                By:   */s/ Thomas A. Willoughby*
                     THOMAS A. WILLOUGHBY
                     Attorneys for Zacky Farms, LLC