DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | CASE NO. 12-37961-B-11 |
| ZACKY FARMS, LLC, a California limited liability company, | DCN: FWP-50 |
| Debtor-In-Possession. | Date: April 2, 2013<br>Time: 9:32 a.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S MOTION TO (1) MODIFY ORDER RE FIRST OMNIBUS MOTION TO REJECT CERTAIN EXECUTORY CONTRACTS AND (2) PERMIT ASSUMPTION AND ASSIGNMENT OF PREVIOUSLY REJECTED EXECUTORY CONTRACTS**

**[\*Parties receiving this omnibus motion should locate their names and executory contracts or unexpired leases on Exhibit A to this motion.]**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-entitled bankruptcy case (the "Debtor"), files this motion (the "Motion") to (1) modify the Court's oral order authorizing the Debtor to reject certain executory contracts (the "Rejection Order") and (2) permit the assumption and assignment of certain previously rejected executory contracts. This Motion is based on the memorandum of points and authorities below, the Declaration of Sean M. Harding in Support of this Motion ("Harding Decl."), the Declaration of Lillian D. Zacky Related to Adequate Assurance of Future Performance in Respect of Designated Assumed Contracts ("Adequate Assurance Declaration") filed on February 7, 2013 [Docket No.

976] and attached as Exhibit B to the Exhibit Document filed herewith, the pleadings and papers on file in these cases, and such other evidence and argument as may be submitted before or during the hearing on this Motion.

**JURISDICTION**

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for relief requested herein include 11 U.S.C. (the "Bankruptcy Code")  §§ 105(a) and 365.  Federal Rule of Bankruptcy Procedure 6006 is also applicable to this Motion.

**RELIEF REQUESTED**

2.      The Debtor requests that the Court (a) modify the Court's oral order made at a hearing on March 5, 2013, authorizing the Debtor to reject certain executory contracts and unexpired leases (collectively, the "Contracts") and (b) authorize the Debtor to assume and assign the Contracts because the purchaser of substantially all of the Debtor's assets seeks to have the Debtor assume and assign the Contracts for which the Debtor previously obtained authority to reject.  If the Debtor is authorized to assume and assign the Contracts, the Debtor also requests that the Court determine what cure amount, if any, must be satisfied under each Contract as required by Bankruptcy Code section 365(a).  Exhibit A lists the amounts the Debtor believes are necessary for the Debtor's bankruptcy estate ("Estate") to pay for all defaults under each of the Contracts to be assumed and assigned (the "Cure Amounts").[1]  If "$0.00" is listed on Exhibit A, the Debtor submits that there is no Cure Amount with respect to such Contract.  The Debtor believes that any and all defaults (other than the filing of this bankruptcy case) and the actual pecuniary losses under the Contracts can be cured by the payment of the Cure Amount listed on Exhibit A.

---

[1] The inclusion of any document on Exhibit A shall not constitute or be deemed to be a determination or admission by the Debtor that such document is in fact an executory contract or unexpired lease within the meaning of the Bankruptcy Code.

Debtor's Motion to Modify Order re Rejection of Contracts and
Permit Assumption and Assignment of Same

## BACKGROUND AND FACTS IN SUPPORT OF THE MOTION

3.    On October 8, 2012 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of section 1107 and 1108 of the Bankruptcy Code.

4.    On October 16, 2012, the Office of the United States Trustee for the Eastern District of California appointed a statutory committee of unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code.

5.    The background of the Debtor and this bankruptcy case has been set forth previously in the Declaration of Keith F. Cooper in Support of Application for an Order Shortening Time and in Support of First Day Motion (the "First Day Declaration") filed on October 9, 2012 (Dkt. No. 5) and incorporated herein by reference.

6.    As of the Petition Date, the Debtor was engaged in the production, marketing, and distribution of a variety of fresh and frozen poultry products.  The Debtor's operations included the breeding, hatching, and growing of turkeys and chickens as well as processing and marketing of poultry products.  Zacky Farms employed approximately 1,000 people in Los Angeles, Fresno, Tulare, Kings, San Joaquin and San Bernardino Counties when it filed its bankruptcy petition and ranked among the largest turkey businesses in the United States with annual gross sales of approximately $142 million in 2010 and $146 million in 2011.  *Id*. ¶¶ 9, 19-20.

7.    On November 7, 2012, the Debtor filed a motion (the "Sale Motion") (Dkt. No. 240) requesting, *inter alia*, approval of a process and procedures for (a) a sale of substantially all of its assets in one or more lots to one or more successful bidders, free and clear of all liens, claims, interests and encumbrances, and (b) an assumption and assignment of designated executory contracts and unexpired leases of the Debtor to the successful bidder(s).  The Debtor filed subsequent motions on December 11, 2012 (Dkt. Nos. 387, 392, 396 and 400) and December 21, 2012 (Dkt. No. 468) in further support of the relief requested in the Sale Motion.

8.    On February 6, 2013, the Debtor entered into an asset purchase agreement with the Robert D. Zacky and Lillian D. Zacky Trust U/D/T dated July 26, 1988 (the "Zacky Trust")

through which the Debtor agreed to sell substantially all of its assets to the Zacky Trust and/or its assignees (the "Sale"). At a hearing held on February 20, 2013, the Court approved the Sale to the Zacky Trust. The Sale closed on or about February 26, 2013. Pursuant to the Sale, the Zacky Trust designated certain executory contracts and leases on February 26, 2013 which the Zacky Trust did not seek to have assigned to it as part of the Sale. Harding Decl. ¶ 6.

9.      On February 26, 2013, the Debtor filed an omnibus motion ("Rejection Motion") to reject those contracts which the Zacky Trust did not seek to have assigned to it (Dkt. No. 1114). At a hearing on March 5, 2013, the Court granted the Rejection Motion, as amended to remove certain contracts from the Rejection Motion. As of the filing of this Motion, no written order has been entered regarding the Rejection Motion.

10.      On March 11, 2013, the Zacky Trust informed the Debtor that it now seeks to have the Debtor assume and assign certain Contracts, identified on Exhibit A to this Motion, which were subject to the Rejection Motion. The Zacky Trust has agreed to pay the cure costs associated with the assumption of the Contracts. The assumption and assignment of the Contracts will benefit the Estate by enabling the Debtor to reduce the administrative burdens and potential liabilities that otherwise would be present based on the rejection, rather than the assumption and assignment, of the Contracts. The Debtor believes modifying the Rejection Order to permit the assumption and assignment of the Contracts is in the best interests of creditors. Harding Decl. ¶ 8.

11.      The Debtor seeks an order from this Court (a) modifying the order granted at the Rejection Motion to remove the Contracts and (b) authorizing the Debtor to assume and assign to the Zacky Trust the Contracts identified on Exhibit A. The Debtor also requests that the Court determine what Cure Amount, if any, must be satisfied under each Contract as required by Bankruptcy Code section 365(a). The Debtor believes that any and all defaults (other than the filing of this bankruptcy case) and the actual pecuniary losses under the Contracts can be cured by the payment of the Cure Amount listed on Exhibit A.

Debtor's Motion to Modify Order re Rejection of Contracts and
Permit Assumption and Assignment of Same

**ANALYSIS**

**A.      The Court Should Modify the Prior Oral Ruling Rejecting the Contracts.**

Section 105(a) of the Bankruptcy Code provides in relevant part that the Court is authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) grants the Court "the discretionary power that bankruptcy courts have as courts of equity 'to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.'" *Zurich Amer. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007) (citations omitted). The Court is given broad jurisdictional grant under Section 105(a) to enforce its own orders. *See In re United States Brass Corp.*, 255 B.R. 189, 192 (Bankr. E.D. Tex. 2000).

Sufficient cause exists here to permit the Court to modify the Rejection Order. As the Rejection Order stands, all of the contracts listed on the Amended Exhibit A to the Rejection Motion (Dkt. No. 1134) are deemed rejected and, upon rejection, the Estate is potentially liable for rejection damages. If the Rejection Order is modified and the Debtor permitted to assume and assign the Contracts to the Zacky Trust as the Zacky Trust now requests, such assumption and assignment will benefit the Estate by enabling the Debtor to reduce the administrative burdens and potential liabilities that otherwise would be present. Specifically, Bankruptcy Code section 365(k) provides that assignment under Bankruptcy Code section 365 relieves the Estate of further liability. Allowing the Rejection Order to be modified and permitting the Contracts to be assumed and assigned to the Zacky Trust will relieve the Estate of any rejection claims and further liability under the Contracts. Such actions will benefit the Estate and are in the best interests of creditors.

The Debtor believes no intervening rights have become vested in reliance on the Rejection Order for several reasons. First, there is no written order filed yet. Second, only seven days have passed between the hearing on the Rejection Motion and the filing of this Motion. Third, no bar date has been set or noticed for the filing of claims with respect to rejection damages and the Debtor has made no payments on account of such claims. Harding Decl. ¶ 10.

**B.     The Debtor May Assume the Contracts Under Section 365 of the Bankruptcy Code.**

The Bankruptcy Code provides, in pertinent part, that a trustee or debtor in possession,
"subject to the court's approval, may assume or reject any executory contract or unexpired lease
of the debtor."  11 U.S.C. § 365(a).  Section 365(b)(1) sets forth the requirement that, where there
has been a default in an executory contract or unexpired lease of the debtor, such default must be
cured (or the trustee must provide adequate assurance that it will promptly cure) before the
contract may be assumed.

Courts apply the "business judgment test" to determine whether a debtor in possession's
proposed assumption or rejection of an executory contract or unexpired lease is appropriate under
Bankruptcy Code section 365.  *Agarwal v. Pomona Valley Medical Group, Inc. (In re Pomona
Valley Medical Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007); *Durkin v. Benedor Corp. (In re
G.I. Indust., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000).  *See also NLRB v. Bildisco & Bildisco*,
465 U.S. 513, 523 (1984).  "As long as assumption of a lease appears to enhance a debtor's estate,
court approval of a debtor-in-possession's decision to assume the lease should only be withheld if
the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the
Bankruptcy Code. . . ." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-1310
(5th Cir. 1985) (quoting *Allied Technology, Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495
(Bankr. S.D. Ohio 1982)).

Here, the Debtor seeks to assume and assign the Contracts in an exercise of its business
judgment subject to payment of the Cure Amount necessary to assume the respective Contract.
The assumption and assignment of the Contracts will benefit the Estate by enabling the Debtor to
reduce the administrative burdens and potential liabilities that otherwise would be present if the
Contracts remain rejected.  Section 365(k) of the Bankruptcy Code provides that assignment
under section 365 relieves the Estate of further liability.  The Debtor believes that timely release
from obligations under the Contracts will benefit the Estate and is in the best interests of
creditors.  Harding Decl. ¶ 8.  The Court should approve the assumption of the Contracts.

The Debtor has served notice (the "Assumption Notice") upon each of the Counterparties
to the Contracts affected by this Motion.  The Assumption Notice denotes with specificity the

Contracts designated for assumption and assignment, the Cure Amount the Debtor believes is necessary to assume each Contract (if any), and the procedures for objecting to (i) the Cure Amounts, or (ii) the adequate assurance of future performance by the Zacky Trust.  Unless objections to the Cure Amounts or the lack thereof are raised in opposition to the Motion, the amounts set forth in Exhibit A shall be binding on the parties to the Contracts affected by this Motion.

**C.      The Debtor May Assign the Contracts Under Section 365 of the Bankruptcy Code.**

Pursuant to Bankruptcy Code section 365(f)(1) and (2):

(1)   [N]otwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

(2)   The trustee may assign an executory contract or executory lease of the debtor only if –

    (A)   the trustee assumes such contract or lease in accordance with the provisions of this section; and

    (B)   adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(1) and (2).

The term "adequate assurance of future performance" is not defined in the Bankruptcy Code but was intended to be given "practical pragmatic construction in light of the facts of each case." *In re Great Northwest Recreation Center, Inc.*, 74 B.R. 846, 854 (Bankr. D. Mont. 1987). Adequate assurance need not make performance certain, however; it only must make continued performance likely, meaning more probable than not.  *See Tama Beef Packaging, Inc.*, 277 B.R. 407, 411 (Bankr. N.D. Iowa 2002).

Here, performance by the Zacky Trust is fully anticipated by the Debtor.  As set forth in the Adequate Assurance Declaration, the Zacky Trust has the ability to provide future performance under the Contracts.

**D.      Relief Under Bankruptcy Rule 6006(d) Is Appropriate.**

Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after

the entry of the order, unless the court orders otherwise." The Debtor requests that the order permitting the assumption and assignment of the Contracts be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6006(d) is waived.

The purpose of Bankruptcy Rule 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6006(d). Although Bankruptcy Rule 6006(d) and the Advisory Committee Notes address when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the assignment." 10 *Collier on Bankruptcy*, ¶6006.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) at 6006-19. Furthermore, Collier provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

The Debtor hereby requests that the Court waive the 14-day stay period under Bankruptcy Rule 6006(d), or in the alternative, if an objection to the assignment is filed, reduce the stay period to the minimum amount of time needed by the objecting party to file its appeal.

**NOTICE**

The Debtor has given notice of the hearing on this Motion together with a copy of the Motion itself and the related pleadings to (i) the Office of the United States Trustee, (ii) the Zacky Trust, (iii) counsel for the Committee, (iv) all Counterparties to the Contracts; and (v) all parties who have requested special notice. The Debtor submits that under the circumstances no further notice is necessary.

**CONCLUSION**

Based upon all of the above, the Debtor submits that the assumption and assignment of the Contracts is proper, will benefit the Estate, and should be authorized by the Court. The Debtor requests that the Court enter an order as follows:

1.    Modifying the Rejection Order to remove from the Rejection Order the Contracts identified on Exhibit A to this Motion;

2. Authorizing the Debtor to assume the Contracts identified on Exhibit A to this Motion and assign the Contracts to the Zacky Trust;

3. Fixing the Cure Amounts that must be paid to a Counterparty of a Contract to be the Cure Amount listed on Exhibit A to the Motion;

4. Authorizing the Zacky Trust to pay the Cure Amounts within three business days after the entry of an order authorizing the Contracts to be assumed by the Debtor and assigned to the Zacky Trust and conditioning the assumption and assignment of the Contracts on the payment of such Cure Amounts;

5. Determining that there has been an adequate showing of the ability of the Zacky Trust to provide adequate assurance of future performance under the Contracts to be assumed by the Debtor and assigned to the Zacky Trust;

6. Waiving the 14-day stay under Bankruptcy Rule 6006(d) and deeming the order permitting the assumption and assignment of the Contracts to deemed effective immediately upon its entry; and

7. For such other and further relief as the Court may deem proper in the circumstances.

Dated: March 12, 2013

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

By:*/s/ Thomas A. Willoughby*
THOMAS A. WILLOUGHBY
Attorneys for Zacky Farms, LLC